### GRAHAM *v.* RICHARDSON.

*(Supreme Court, General Term, Fifth Department.   October 23, 1890.)*

FORGERY—SUFFICIENCY OF EVIDENCE.

> An action on two promissory notes purporting to have been executed by M., while a convict in the state's prison, was defended on the ground that D., a keeper of the prison, under the pretense of having M. sign a petition for his own pardon, obtained his signature to two pieces of paper, which proved to be, in form, promissory notes, each written at the bottom of a half-sheet of legal cap, in the handwriting of D. S., one of the convicts, testified that he saw M. sign his name to two pieces of paper; that no writing was immediately above the signature; that at the head of the paper for a few lines was a petition for a pardon; and that D. told him to have M. sign his name at the bottom, so as to leave room to make a note on each page above the signature; and witness pointed to certain marks, indicating where he was to tell M. to sign his name. D. denied any conversation with S. about the notes, and testified that he saw M. sign the notes at the request of another convict, and that he supposed the latter took the notes away with him. *Held,* that whether the transaction was a forgery was a question for the jury, and that their finding in the affirmative would not be disturbed.

Appeal from special term, Wayne county.

Action by Albert G. Graham against George Richardson, executor, etc., of Edward Mahar, deceased. There was judgment for defendant, and plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*W. H. Coon,* for appellant.   *J. F. Kinney,* for respondent.

MACOMBER, J. The defendant is the executor of the last will and testament of Edward Mahar, deceased, who died in the state's prison in the city of Auburn, N. Y., August 7, 1888, while serving a term under a sentence for manslaughter for killing his wife. The plaintiff brings this action against his executor to recover upon two promissory notes, one of $8,000, and the other of $1,000, purporting to have been made at Auburn, May 2, 1888, and payable one year after date, with interest, respectively, and purporting to be signed by the defendant's testator, Edward Mahar. The answer put in issue the making and delivery of the notes. Upon the trial, evidence was given which the jury have manifestly believed and acted upon, to the effect that one John M. Devore, a keeper of Auburn state's prison, at the time mentioned, under pretense of having Mahar sign a petition to the governor for his own pardon, obtained a signature to two pieces of paper, which now turn out to be, in form, promissory notes, written at the bottom of each half-sheet of legal cap, affixed to which was the body of each note respectively in the handwriting of Devore. The witness James Scanlan, who was a convict at Auburn state's prison at the same time, testifies that he saw these pieces of paper, but not as they now appear, and saw Mahar sign his name to them. At that time no writing was immediately above the signature. He testifies that at the head of the page for a few lines was a petition to the governor for a pardon of Mahar. He further testifies that Devore

told him to have Mahar sign his name at the bottom so as to leave room to make out a note on each page just above the signature, and the witness points to certain marks indicating where he was to tell Mahar to sign his name. The witness John M. Devore, called for the plaintiff, testified that he saw Mahar sign the notes at Auburn prison in the finishing shop at the desk. He says a convict by the name of Johnson came in there with him, and asked him to write a note. He says he drew the notes at the request of Mahar. He further testifies that he supposes that Johnson took the notes away with him. This witness denies all conversation with Scanlan about the notes. Devore testified that the two notes were written upon the same page of the half-sheet of legal cap. In this he positively contradicts, as in other matters, the statement of Scanlan, and this contradiction is, perhaps, the most controlling circumstance in the case touching the credibility of these two men. Scanlan, confessedly, was a man without character, but he has narrated the events as he says they occurred in the prison with apparent truthfulness. When these notes were produced and examined, it was found that the signature was in fact at the bottom of the two half-sheets, and were not made both upon the same page, one near the bottom, and the other higher up upon the page. The lower edge of each paper, it is stated in the case, (and the jury had the exhibits before them,) appeared, not as it would be if torn off below the signature at the time of its execution, but rather as originally cut by the manufacturers. This evidence made a case which was required to be submitted to the jury upon the question of forgery. If Mahar's signature was obtained in the manner related by Scanlan, the transaction was clearly a forgery, because the signature was obtained, not under mere pretense that he was signing a promissory note to be used for one purpose, but under the pretense that it was a petition only, and not in any respect an obligation for him to pay. The jury was justified in reaching its conclusion. The whole case shows that there was good ground for them to believe that there was a conspiracy to obtain from Mahar, without consideration, and without his knowledge, commercial paper, purporting to be executed by him, of just about the value of his entire estate. The jury might also, under the testimony, have reached a conclusion favorable to the defendant upon the other branch of the case, namely, that the plaintiff himself was not a *bona fide* holder for value of either of these notes. But it is hardly necessary to go into that branch of the case, inasmuch as we are well satisfied that the jury reached the correct conclusion upon the question of fact above mentioned, and that there was no exception to the evidence or the charge relating to this subject which is available to the plaintiff on this appeal. Neither of the pretended notes ever had a legal inception, and the judgment and order appealed from should, therefore, be affirmed. All concur.